UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KAREN BELLIFEMINE, AMY ZEOLI,
MICHELLE POPA, NANCY BEANEY, and
JENNIFER STORM,

Individually and on Behalf of Others
Similarly Situated,

      Plaintiffs,

    v.

SANOFI-AVENTIS U.S. LLC,

      Defendant.

C.A. NO. 07-2207 (JGK)

---

## ANSWER AND AFFIRMATIVE
## DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant sanofi-aventis U.S. LLC (hereafter "Defendant" or "sanofi-aventis") by and

through its counsel, answers the Third Amended Complaint filed by Plaintiffs Karen

Bellifemine, Amy Zeoli, Michelle Popa, Nancy Beaney, and Jennifer Storm (collectively

referred to as "Purported Class Representatives") in accordance with its numbered paragraphs as

follows:

1.     It is admitted that Purported Class Representatives filed this action seeking to

represent a class and that Ms. Bellifemine filed this action seeking to represent a subclass. The

remaining allegations in paragraph 1 constitute conclusions of law to which no responsive

pleading is required.

2.     It is admitted that Purported Class Representatives seek to represent female

employees of sanofi-aventis and that Ms. Bellifemine seeks to represent a subclass of female

employees of sanofi-aventis. The remaining allegations in paragraph 2 are denied.

3.     It is admitted that Purported Class Representatives seek to represent female employees of sanofi-aventis.  The remaining allegations in paragraph 3 are denied.

4.     It is denied that Purported Class Representatives or any of the individuals they purport to represent are entitled to any relief.

5.     The allegations of paragraph 5 constitute conclusions of law to which no responsive pleading is required.

6.     The allegations of paragraph 6 constitute conclusions of law to which no responsive pleading is required.

7.     It is admitted that sanofi-aventis has an office and registered agent in the State of New York.  It is admitted that Ms. Bellifemine performed work in New York at some point in time.  sanofi-aventis lacks knowledge or information sufficient to form a belief as to whether Ms. Bellifemine resides in New York.  The remaining allegations in paragraph 7 are denied.

8.     sanofi-aventis is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 8, and thus, they are denied.

9.     Admitted.

10.    Admitted.

11.    Admitted.

12.    It is admitted that Ms. Bellifemine is female.  It is further admitted that Ms. Bellifemine went on a medical leave on approximately March 9, 2006 and returned to her specialty senior sales professional position on January 29, 2007.  sanofi-aventis is without knowledge or information sufficient to form a belief regarding Ms. Bellifemine's current place of residence or citizenship.  The remaining allegations in paragraph 12 are denied.

13.     It is admitted that Amy Zeoli is female.  sanofi-aventis is without knowledge or information sufficient to form a belief regarding Ms. Zeoli's current place of residence or citizenship.  The remaining allegations in paragraph 13 are denied.

14.     It is admitted that Michelle Popa is female.  sanofi-aventis is without knowledge or information sufficient to form a belief regarding Ms. Popa's current place of residence or citizenship.  The remaining allegations in paragraph 14 are denied.

15.     It is admitted that Nancy Beaney is female.  sanofi-aventis is without knowledge or information sufficient to form a belief regarding Ms. Beaney's current place of residence or citizenship.  The remaining allegations in paragraph 15 are denied.

16.     It is admitted that Jennifer Storm is female.  sanofi-aventis is without knowledge or information sufficient to form a belief regarding Ms. Storm's current place of residence or citizenship.  The remaining allegations in paragraph 16 are denied.

17.     Admitted.

18.     Denied.

19.     Denied.

20.     Denied.

21.     The allegations in paragraph 21, including those in sub-paragraphs (a) through (n), are all denied.

22.     Denied.

23.     Denied.

24.     The allegations of paragraph 24 constitute conclusions of law to which no responsive pleading is required.

25.    The allegations of paragraph 25 constitute conclusions of law to which no responsive pleading is required.

26.    The allegations of paragraph 26 constitute conclusions of law to which no responsive pleading is required.

27.    The allegations of paragraph 27 constitute conclusions of law to which no responsive pleading is required.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    It is admitted that Ms. Bellifemine and Ms. Zeoli have complained to sanofi-aventis.  The remaining allegations in paragraph 37 are denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    It is admitted that Ms. Bellifemine went on a medical leave on approximately March 9, 2006 and returned to her specialty senior sales professional position in January of 2007. It is admitted that Ms. Bellifemine filed a charge with the EEOC on March 8, 2006. The remaining allegations in paragraph 46 are denied.

47.    It is admitted that at certain points during Ms. Bellifemine's career, she received various sales awards. The remaining allegations in paragraph 47 are denied.

48.    It is admitted that in May of 2005, Ms. Bellifemine applied for but was not selected for certain positions. The remaining allegations in paragraph 48 are denied.

49.    It is admitted that Ms. Bellifemine requested a transfer and her request for a transfer was denied. The remaining allegations in paragraph 49 are denied.

50.    It is admitted that Ms. Bellifemine contacted sanofi-aventis' training department regarding becoming a sales trainer. It is further admitted that experienced sales representatives who become sales trainers may work with newly hired sales representatives in the corporate training facility in Bridgewater, New Jersey. The remaining allegations in paragraph 50 are denied.

51.    It is admitted that Ms. Bellifemine applied for but was not selected for a marketing manager position. The remaining allegations in paragraph 51 are denied.

52.    Denied.

53.    Denied.

54.    It is admitted that in April of 2005, Ms. Bellifemine received a three percent raise, and Keith LeSueur and Oscar Velez received a four percent raise. The remaining allegations,

including the implication that merit increases should be based solely on sales numbers as set forth in paragraph 54, are denied.

55.    It is admitted that Ms. Bellifemine did not receive a merit based raise in 2006. The remaining allegations in paragraph 55 are denied.

56.    It is admitted that Ms. Bellifemine did not receive a merit based raise in 2007, but the implication that sales numbers alone control merit increases is denied. The remaining allegations in paragraph 56 are denied.

57.    It is admitted that Ms. Bellifemine's territory has at times performed well in 2007. The remaining allegations in paragraph 57 are denied.

58.    Denied.

59.    Denied.

60.    It is admitted that Ms. Zeoli voluntarily terminated her employment effective April 1, 2006. The remaining allegations in paragraph 60 are denied.

61.    It is admitted that at certain points during Ms. Zeoli's career, Ms. Zeoli's performance was satisfactory in some respects. It is further admitted that Ms. Zeoli applied for certain positions and was not selected for those positions. The remaining allegations in paragraph 61 are denied.

62.    It is admitted that in 2001, Ms. Zeoli was selected to participate in the Management Development Program. The remaining allegations in paragraph 62 are denied.

63.    Denied.

64.    It is admitted that Ms. Zeoli did not receive promotions to management positions. The remaining allegations in paragraph 64 are denied.

65.    It is admitted that Ms. Zeoli applied for the position in Pennsylvania and that she did not receive this position. It is further admitted that Ms. Zeoli applied for a position in New York and that she did not receive this position. The remaining allegations in paragraph 65 are denied.

66.    It is admitted that Ms. Zeoli applied for two positions, one in New Jersey and one in Connecticut, and that she did not receive these positions. The remaining allegations in paragraph 66 are denied.

67.    It is admitted that on July 14 and 15, 2005, Ms. Zeoli attended a management development session in Richmond, Virginia, and that during the session she met with a consultant. sanofi-aventis is without knowledge or information sufficient to form a belief regarding what the consultant told Ms. Zeoli during the session. The remaining allegations in paragraph 67 are denied.

68.    It is admitted that on August 21, 2004, Hillary G. Jackson voluntarily terminated her employment with sanofi-aventis. It is further admitted that Ms. Zeoli voluntarily terminated her employment with sanofi-aventis on April 1, 2006. sanofi-aventis is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68, and therefore, they are denied.

69.    Denied.

70.    Denied.

71.    It is admitted that at the time that Ms. Zeoli began her employment with sanofi-synthelabo, she earned approximately $55,000.000 and that when she left her employment with sanofi-aventis she earned a base salary of approximately $74,563.00 per year. The remaining allegations in paragraph 71 are denied.

72.     It is admitted that Ms. Zeoli's husband who purports to be an attorney sent a letter to Holly May regarding Mr. Joseph. The remaining allegations in paragraph 72 are denied.

73.     sanofi-aventis is without knowledge or information sufficient to form a belief as to the truth of whether Ms. Zeoli experienced anxiety attacks or consulted with a physician regarding those attacks. It is admitted that as part of Mr. Joseph's job he made a number of sales calls each year. The remaining allegations in paragraph 73 are denied.

74.     It is admitted that Ms. Popa voluntarily terminated her employment with sanofi-aventis on January 25, 2007. The remaining allegations in paragraph 74 are denied.

75.     It is admitted that at certain points during Ms. Popa's career, Ms. Popa's performance was satisfactory in some respects. It is further admitted that Ms. Popa was not selected for some positions for which she applied. The remaining allegations in paragraph 75 are denied.

76.     Denied.

77.     Denied.

78.     It is admitted that in Spring of 2006, Ms. Popa applied for an open Sales Representative position in the Fort Lauderdale area, and in connection with that application, she interviewed with Drew Diez, and a District Manager in West Palm Beach. It is further admitted that Ms. Popa was not selected for the position. The remaining allegations in paragraph 78 are denied.

79.     It is admitted that Ms. Popa applied for a position in Fort Lauderdale and that she was not selected for the position. The remaining allegations in paragraph 79 are denied.

80.     Denied.

81.    It is admitted that beginning on April 1, 2005, Ms. Popa made an annual base salary of approximately $53,501.00. The remaining allegations in paragraph 81 are denied.

82.    Denied.

83.    Denied.

84.    It is admitted that Ms. Beaney is currently employed by sanofi-aventis as a Senior Specialty CNS Sales Representative. The remaining allegations in paragraph 84 are denied.

85.    It is admitted that at certain points during Ms. Beaney's career, Ms. Beaney's performance was satisfactory in some respects. The remaining allegations in paragraph 85 are denied.

86.    It is admitted that Ms. Beaney applied for certain positions and was not selected for those positions. The remaining allegations of paragraph 86 are denied.

87.    It is admitted that at certain points during Ms. Beaney's career, Ms. Beaney's performance was satisfactory in some respects. It is further admitted that Ms. Beaney applied for certain positions and was not selected for those positions. The remaining allegations in paragraph 87 are denied.

88.    It is admitted that Ms. Beaney was transferred and promoted from a primary care sales team to CNS Specialty Position and that she was reclassified. The remaining allegations in paragraph 88 are denied.

89.    It is admitted that Mr. Dahms created a BARS chart. The remaining allegations in paragraph 89, including those relating to the purpose and content of the BARS chart, are denied.

90.    It is admitted that Ms. Beaney interviewed with Michael Doherty for a District Sales Manager position in Dallas. It is further admitted that Ms. Beaney was an interim District Sales Manager. It is further admitted that Ms. Beaney interviewed with Area Vice President

Mike Cahill for a District Sales Manager position in Dallas. It is further admitted that the position could not be filled because of a hiring freeze. It is further admitted that when sanofi-aventis lifted the hiring freeze, it filled the position with an experienced District Sales Manager who had been displaced as a result of a reorganization. The remaining allegations in paragraph 90 are denied.

91.    Admitted.

92.    It is admitted that Ms. Beaney submitted an online application for the Dermik Regional Sales Position and that she e-mailed a copy of her resume to Lisa Craven. It is further admitted that Ms. Beaney was not promoted to Dermik Regional Sales Manager because she did not have three years of District Manager experience. It is further admitted that a Reginald Gatewood, a male employee who had more than three years of District Manager experience received the position. The remaining allegations of paragraph 92 are denied.

93.    sanofi-aventis is without knowledge or information sufficient to form a belief regarding the allegations in paragraph 93, and thus, they are denied.

94.    It is admitted that Ms. Beaney applied for a District Sales Manager position in Dallas and that she did not receive that position. It is further admitted that experienced District Sales Manager Sean Johnson received the position. The remaining allegations in paragraph 94 are denied.

95.    Denied.

96.    Denied.

97.    It is admitted that Ms. Beaney spoke to Manager Bodnar regarding an executive sales level promotion and that Manager Bodnar told her that executive level promotions for sales

representatives are only for career sales professionals. The remaining allegations in paragraph 97 are denied.

98.     It is admitted that Ms. Beaney spoke to Manager Bodnar regarding an executive sales level promotion and that Manager Bodnar told her that executive level promotions for sales representatives are only for career sales professionals. The remaining allegations in paragraph 98 are denied.

99.     It is admitted that Ms. Beaney received a 6% base-salary increase in April 2007. The remaining allegations in paragraph 99 are denied.

100.     It is admitted that Jennifer Storm quit her employment with sanofi-aventis. The remaining allegations in paragraph 100 are denied.

101.     It is admitted that at certain points during Ms. Storm's career, Ms. Storm's performance was satisfactory in some respects. It is further admitted that Ms. Storm applied for certain positions and was not selected for those positions. The remaining allegations in paragraph 101 are denied.

102.     It is admitted that Ms. Storm applied for certain positions and was not selected for those positions. The remaining allegations in paragraph 102 are denied.

103.     It is admitted that Ms. Storm received a "below expectations" rating for the 2005 sales year and she was ineligible for a promotion. It is further admitted that James Swogger received a promotion to Senior Sales Representative. The remaining allegations in paragraph 103 are denied.

104.     Denied.

105.     It is admitted that Ms. Storm expressed her interest to Manager Krol regarding a District Sales Trainer position. The remaining allegations in paragraph 105 are denied.

106.    It is admitted that Ms. Storm did not receive a promotion to Senior Sales Manager in 2007.  The remaining allegations in paragraph 106 are denied.

107.    Denied.

108.    Denied.

109.    It is admitted that Ms. Storm's 2006 performance review prevented her from receiving a merit increase.  The remaining allegations in paragraph 109 are denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    It is admitted that Ms. Bellifemine purports to brings claims under New York state law in her individual capacity and seeks to represent female employees of sanofi-aventis. The remaining allegations in paragraph 113 are denied.

114.    Denied.

115.    The allegations in paragraph 115, including those in sub-paragraphs (a) through (f), are all denied.

116.    Denied.

117.    Denied.

118.    sanofi-aventis incorporates herein its responses to each and every allegation contained in section VII (A) and in section IX (A) as if fully set forth herein.

119.    Denied.

120.    It is admitted that while Ms. Bellifemine was assigned to Hackensack, New Jersey, the territory performed well in national sales rankings.  It is further admitted that in January 2004, sanofi-aventis realigned its sales territories and Ms. Bellifemine was reassigned to

another area. It is further admitted that Todd Mikolajczyk was promoted to a District Manager in the Metabolism Division. The remaining allegations in paragraph 120 are denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    It is admitted that Ms. Bellifemine complained to sanofi-aventis' Human Resources Department regarding Mr. Kotkin. The remaining allegations in paragraph 124 are denied.

125.    It is admitted that in June of 2005, Ms. Bellifemine contacted Human Resources regarding Mr. Kotkin and sent e-mails to Kevin Phox in Human Resources regarding Mr. Kotkin. It is further admitted that Ms. Bellifemine requested a transfer and her request for a transfer was denied. The remaining allegations in paragraph 125 are denied.

126.    It is admitted that Ms. Bellifemine complained to sanofi-aventis' Human Resources Department regarding Mr. Kotkin. The remaining allegations in paragraph 126 are denied.

127.    Denied.

128.    It is admitted that Ms. Bellifemine complained to sanofi-aventis' Human Resources Department regarding Mr. Kotkin. The remaining allegations in paragraph 128 are denied.

129.    It is admitted that Ms. Bellifemine went on a medical leave of absence on March 9, 2006. The remaining allegations in paragraph 129 are denied.

130.    It is admitted that sanofi-aventis' Human Resources Department has a file concerning Ms. Bellifemine. It is further admitted that Ms. Bellifemine sent certain letters from

physicians to sanofi-aventis' Human Resources Department, and those letters are documents, which speak for themselves. The remaining allegations in paragraph 130 are denied.

131.    sanofi-aventis incorporates herein its responses to each and every allegation contained in section VII (A) as if fully set forth herein.

132.    Denied.

133.    Denied.

134.    Denied.

135.    sanofi-aventis incorporates herein its responses to each and every allegation contained in section VII (A) and in section IX (A) as if fully set forth herein.

136.    Denied.

137.    It is admitted that Ms. Zeoli spoke to Ms. May regarding alleged discrimination. The remaining allegations in paragraph 137 are denied.

138.    It is admitted that Ms. Zeoli took a medical leave of absence. The remaining allegations in paragraph 138 are denied.

139.    sanofi-aventis incorporates herein its responses to each and every allegation contained in section VII (B) as if fully set forth herein.

140.    Denied.

141.    It is admitted that Ms. Storm complained to sanofi-aventis' Human Resources Department regarding her performance review. The remaining allegations in paragraph 141 are denied.

142.    Denied.

143.    It is admitted that Ms. Storm approached Manager Krol about applying to a District Trainer position. The remaining allegations in paragraph 143 are denied.

144.    It is admitted that Manager Krol spoke to Ms. Storm about her call activity.  The remaining allegations in paragraph 144 are denied.

145.    Denied.

146.    sanofi-aventis incorporates herein its responses to each and every allegation contained in section VII (E) as if fully set forth herein.

## COUNT I

147.    sanofi-aventis incorporates herein its responses to each and every allegation contained in paragraphs 1 through 146 as if fully set forth herein.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

## COUNT II

154.    sanofi-aventis incorporates herein its responses to each and every allegation contained in paragraphs 1 through 153 as if fully set forth herein.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

## COUNT III

161.    sanofi-aventis incorporates herein its responses to each and every allegation contained in paragraphs 1 through 160 as if fully set forth herein.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Denied.

166.    Denied.

## COUNT IV

167.    sanofi-aventis incorporates herein its responses to each and every allegation contained in paragraphs 1 through 166 as if fully set forth herein.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

## COUNT V

173.    sanofi-aventis incorporates herein its responses to each and every allegation contained in paragraphs 1 through 172 as if fully set forth herein.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

## COUNT VI

179.     sanofi-aventis incorporates herein its responses to each and every allegation

contained in paragraphs 1 through 178 as if fully set forth herein.

180.     Denied.

181.     Denied.

182.     Denied.

183.     Denied.

184.     Denied.

## COUNT VII

185.     sanofi-aventis incorporates herein its responses to each and every allegation

contained in paragraphs 1 through 184 as if fully set forth herein.

186.     Denied.

187.     Denied.

188.     Denied.

189.     Denied.

## COUNT VIII

190.     sanofi-aventis incorporates herein its responses to each and every allegation

contained in paragraphs 1 through 189 as if fully set forth herein.

191.     Denied.

192.     Denied.

193.     Denied.

194.     Denied.

The remaining allegations of Plaintiffs' Third Amended Complaint constitute a prayer for

relief and jury demand, and therefore, no responsive pleading is required.  To the extent that a

responsive pleading is required, sanofi-aventis denies the remaining allegations in Plaintiffs'

Third Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' claims are barred in whole or in part to the extent that they have failed to

mitigate their damages.

### Second Affirmative Defense

sanofi-aventis' actions with respect to Plaintiffs were based on reasonable factors other

than Plaintiffs' sex.

### Third Affirmative Defense

sanofi-aventis has made a good faith effort to comply with all applicable

nondiscriminatory laws, and therefore, Plaintiffs are not entitled to punitive damages.

### Fourth Affirmative Defense

sanofi-aventis would have taken the same action with respect to Plaintiffs' employment

even in the absence of any impermissible motivating factor.

### Fifth Affirmative Defense

To the extent that Plaintiffs failed to comply with the statutory and/or jurisdictional

prerequisites for the institution of an action under the statutes that they rely upon in the Third

Amended Complaint, their claims are barred and/or diminished.

### Sixth Affirmative Defense

Plaintiffs' claims are barred by the relevant statutes of limitations and/or the doctrines of

waiver and/or laches.

### Seventh Affirmative Defense

Plaintiffs' claims are barred by the doctrines of estoppel and/or res judicata.

18

## Eighth Affirmative Defense

Plaintiffs have failed to state claims upon which relief may be granted.

## Ninth Affirmative Defense

sanofi-aventis exercised reasonable care to prevent and correct promptly any harassing behavior and Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by sanofi-aventis or to avoid harm otherwise.

WHEREFORE, sanofi-aventis respectfully requests that this Court dismiss Plaintiffs' Second Amended Complaint and award to sanofi-aventis reasonable attorneys' fees and costs as well as any other and further relief the Court finds just and proper.

May 5, 2008                          Respectfully submitted,

                                     MORGAN, LEWIS & BOCKIUS LLP

                                     /s/ Michael S. Burkhardt

                                     By:    Michael L. Banks (Pa. Id. No. 35053)
                                            (*admitted pro hac vice*)
                                            Michael S. Burkhardt (Pa. Id. No. 68072)
                                            1701 Market Street
                                            Philadelphia, PA  19103
                                            215-963- 5387/5130

                                            Attorneys for Defendant

<u>**CERTIFICATE OF SERVICE**</u>

I, Michael S. Burkhardt, hereby certify that on May 5, 2008, I served a true and correct

copy of the foregoing Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint

by the Electronic Case Filing system, and Regular Mail, upon the following:

> David Sanford, D.C. Bar No. 457933
> Meeno Chahbazi, CA Bar No. 233985
> **SANFORD, WITTELS & HEISLER, LLP**
> 1666 Connecticut Ave. NW
> Suite 310
> Washington, D.C. 20009
> Telephone: (202) 742-7780
> Facsimile: (202) 742-7776
>
> Steven Wittels, (SL W-8110)
> Jeremy Heisler, (JH-0145)
> **SANFORD, WITTELS & HEISLER, LLP**
> 950 Third Avenue
> 10th Floor
> New York, NY 10022
> Telephone: (646) 456-5695
> Facsimile: (646) 723-2948
>
> *Attorneys for Plaintiffs*

> /s/ Michael S. Burkhardt
> Michael S. Burkhardt