UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KAREN BELLIFEMINE, AMY ZEOLI, MICHELLE POPA, NANCY BEANEY and JENNIFER STORM, | ) ) ) ) | |
| Individually and on Behalf of Others Similarly Situated, | ) ) ) | Case No. 1:07-CV-02207-JGK |
| | ) | |
| PLAINTIFFS, | ) ) | PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF |
| v. | ) ) | MOTION TO QUASH THIRD-PARTY SUBPOENAS |
| SANOFI-AVENTIS U.S. LLC, | ) ) | |
| DEFENDANT. | ) ) ) ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
QUASH THIRD-PARTY SUBPOENAS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………………..……ii

I.     INTRODUCTION…………………………………………………………1

II.    BACKGROUND…………………………………………………………2

    A.    Sanofi-aventis Is Attempting to Harass and Intimidate the Class Representatives……………………………………………………2

    B.    The Oppressive Subpoenas……………………………………....3

III.    LEGAL ARGUMENT……………………………………………………6

    A.    The Third-Party Subpoenas Seek Protected, Confidential Information, And Are An Impermissible Invasion of Privacy and Personal Rights………………………………………………...6

    B.    The Third-Party Subpoenas Seek Information that Is Not Relevant to the Merits of This Case………………………………………8

    C.    To the Extent Defendant's Third Party Subpoenas Seek Information Relating to Mitigation of Damages, Less Intrusive Alternative Means Must Be Employed…………………………………...……10

    D.    The Third-Party Subpoenas Are Overbroad On Their Face……....12

    E.    The Third-Party Subpoenas Are Designed Solely to Harass and Embarrass Plaintiffs……………………………………………13

IV.    CONCLUSION…………………………………………………………15

## <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Arias-Zeballos v. Tan,</u>  2007 WL 210112 (S.D.N.Y. 2007)................................................ 7

<u>Badr v. Liberty Mut. Group, Inc.,</u>  2007 WL 2904210 (D. Conn. 2007)........................ 12

<u>Barrington v. Mortgage IT, Inc.,</u> 2007 WL 4370647 (S.D. Fla.,2007)............................ 12

<u>Chamberlain v. Farmington Sav. Bank</u>, 2007 WL 2786421 (D. Conn., Sept. 25, 2007) .....
…………………………………………………………………………………………….7, 8, 9,12

<u>Concord Boat Corp. v. Brunswick Corp.</u>, 169 F.R.D. 44 (S.D.N.Y. 1996)..................... 13

<u>Graham v. Casey's General Stores</u>, 206 F.R.D. 251 (S.D. Ind. 2002) ...................... passim

<u>Perry v. Best Lock Corp.</u>, 1999 WL 33494858 (S.D. Ind. 1999) ................................ 9, 10

<u>Reserve Solutions, Inc. v. Vernaglia</u>, 2006 WL 1788299 (S.D.N.Y. June 26, 2006)....... 13

<u>Smartix Intern., L.L.C. v. Garrubbo, Romankow & Capese, P.C.</u>, 2007 WL 4166035
(S.D.N.Y., Nov. 20, 2007) .................................................................................. 6, 7, 8

<u>Williams v. Board of County Com'rs of Unified Government of Wyandotte
County/Kansas City, KS</u>,  2000 WL 133433 (D. Kan. 2000)........................................ 7

<u>Zubulake v. UBS Wharburg LLC</u>, 382 F. Supp. 2d 536 (S.D.N.Y. 2005)........................ 9

**Federal Rules**

Fed. R.Civ.P. 26............................................................................................ 8, 11, 12, 14

Fed. R.Civ.P. 45 .............................................................................................................. 6

## I.      INTRODUCTION

Class Representatives Karen Bellifemine, Amy Zeoli, Michelle Popa, Nancy Beaney and Jennifer Storm ("Plaintiffs" or "Class Representatives") are former and current employees of Defendant sanofi-aventis U.S. [hereinafter "sanofi-aventis" and "Defendant"] who have sued Defendant for gender discrimination in employment. Plaintiff Nancy Beaney and Karen Bellifemine still work for sanofi-aventis.  Plaintiffs Jennifer Storm, Michelle Popa and Amy Zeoli no longer work at sanofi-aventis and have obtained employment with other pharmaceutical companies or companies within the health care industry.

Despite the clear availability of alternative, less intrusive means of obtaining information, sanofi-aventis has served third-party subpoenas, which are overbroad on their face, on the *current* and *prospective* employers[1] of Plaintiffs Storm, Popa, Zeoli and Beaney, with the design of harassing Plaintiffs and interfering with Plaintiffs' relationships with their current and prospective employers.

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs hereby move the Court to quash five third-party subpoenas served by Defendant sanofi-aventis upon five entities on June 11, 2008.  As is further discussed below, Defendant's unjustifiably overbroad subpoenas served on the *current* and *prospective* employers of Class Representatives seek privileged personnel records which are not relevant to this case, subject Plaintiffs to undue burden, annoyance and oppression, and represent discovery abuse by the Defendant as well as an attempt to harass and intimidate the Class

---

[1] The term "prospective" employers refers to employers who Plaintiffs have applied to in the past to obtain employment but with whom the Plaintiffs are not currently working with.

Representatives to prevent them from continuing to litigate their claims against Defendant. For these reasons, and for the reasons set forth in more detail below, Plaintiffs respectfully request that the Court grant their Motion to Quash each of these third-party subpoenas.

## II.    BACKGROUND

### A.    Sanofi-aventis Is Attempting to Harass and Intimidate the Class Representatives

Defendant has embarked on a course of harassment designed to embarrass, frighten, and ultimately dissuade Plaintiffs Storm, Popa, Zeoli and Beaney from further pursuing their rights to bring suit against their former employer, sanofi-aventis. Plaintiffs Storm, Popa, and Zeoli have left sanofi-aventis and have obtained employment with other pharmaceutical and health care companies. By serving subpoenas, which are overbroad on their face, on the *current* employers of these Plaintiffs, Defendant is attempting to interfere with the Plaintiffs' employment relationship and career advancement with their new employers and to intimidate them from moving forward in this litigation. Such interference by sanofi-aventis is particularly damaging in the tight-knit and cohesive pharmaceutical industry in which the Plaintiffs are still employed, because it is probable that current employers will treat Plaintiffs less favorably if the current employers are placed in the middle of a conflict regarding Plaintiffs' claims against another pharmaceutical company. Defendant has additionally served subpoenas on employers to whom Plaintiffs Beaney and Storm have applied to for employment in the past but have not worked for (referred to infra as "prospective employers"). The service of subpoenas to prospective employers creates a similarly chilling effect, sending the message that

Plaintiffs cannot apply for employment with other companies without facing interference by sanofi-aventis.

     **B.**     **The Oppressive Subpoenas**

Defendant has served a subpoena (attached hereto as Exhibit A) on Plaintiff Storm's current employer, Takeda Pharmaceuticals, seeking *all* of Plaintiff Storm's *current employment records* from her new employer with whom she has obtained a position *after* her employment with Defendant sanofi-aventis.  Similarly, Defendant has served a subpoena (attached hereto as Exhibit B) on Baxter Healthcare to obtain *all* of Plaintiff Popa's *current employment records* from the time *after* she had left sanofi-aventis; and has served a subpoena (attached hereto as Exhibit C) on Boston Scientific to obtain *all* of Plaintiff Zeoli's *current employment records,* after her employment with sanofi-aventis.  Defendant has additionally served a subpoena (attached hereto as Exhibit D) on a *prospective* employer to whom Plaintiff Beaney applied for employment, Innovex, Inc., for *all* Plaintiff Beaney's employment records relating to a position that she applied for at that company; and has served a subpoena (attached hereto as Exhibit E) on a *past prospective* employer who Plaintiff Storm previously applied for a position with, CV Therapeutics.  Specifically, the subpoenas seek production of the following:

    1.    Any and all documents concerning the employment of Jennifer Storm ("Storm") [with Takeda Pharmaceuticals], including, but not limited to, resumes, job applications, interview notes, correspondence concerning employment or prospective employment, records concerning communications with Storm's former employers or other references, requests for references from any prospective employer of Storm, performance evaluations, disciplinary notices, termination or resignation notices, payroll records, benefits information and/or any other personnel documents.  See Ex. A.

    2.    Any and all documents concerning the employment of Michelle Popa ("Popa") [with Baxter Healthcare], including, but not limited to, resumes,

job applications, interview notes, correspondence concerning employment or prospective employment, records concerning communications with Popa's former employers or other references, requests for references from any prospective employer of Popa, performance evaluations, disciplinary notices, termination or resignation notices, payroll records, benefits information and/or any other personnel documents. <u>See</u> Ex. B.

3.  Any and all documents concerning the employment of Amy Zeoli ("Zeoli") [with Boston Scientific], including, but not limited to, resumes, job applications, interview notes, correspondence concerning employment or prospective employment, records concerning communications with Zeoli's former employers or other references, requests for references from any prospective employer of Zeoli, performance evaluations, disciplinary notices, termination or resignation notices, payroll records, benefits information and/or any other personnel documents. <u>See</u> Ex. C.

4.  "Any and all documents concerning the prospective employment of Nancy Beaney ("Beaney")[with Innovex, Inc.], including, but not limited to, resumes, job applications, interview notes, correspondence concerning employment or prospective employment, records concerning communications with Beaney's former employers or other references, requests for references from any prospective employers of Beaney, performance evaluations, disciplinary notices, termination or resignation notices, payroll records, benefits information and/or any other personnel documents. <u>See</u> Ex. D.

5.  "Any and all documents concerning the prospective employment of Jennifer Storm ("Storm")[with CV Therapeutics], including, but not limited to, resumes, job applications, interview notes, correspondence concerning employment or prospective employment, records concerning communications with Storm's former employers or other references, requests for references from any prospective employers of Storm, performance evaluations, disciplinary notices, termination or resignation notices, payroll records, benefits information and/or any other personnel documents. <u>See</u> Ex. E.

By seeking "any and all documents" concerning the current and prospective employment of Plaintiffs, Defendant is engaging in a fishing expedition. The employment records Defendant seeks to discover contain privileged information, and Defendant's request constitutes an impermissible invasion of Plaintiff's personal rights. Moreover, the records are irrelevant to the merits of this case. While Plaintiffs have

placed their employment *with sanofi-aventis* directly at issue in this case through the allegation set forth in their Third Amended Complaint by specifically alleging they were discriminated against by Defendant, there is no possible relevance of obtaining all of Plaintiffs Storm, Popa and Zeoli's current employment records, *after* their employment with Defendant or of Plaintiff Beaney or Storm's prospective employment records.

Following its initial correspondence regarding the subpoenas on June 9, 2008, (attached hereto as Exhibit F), Defendant's Counsel alleged in a phone conversation with Plaintiffs' Counsel, on June 9, 2008, that the purpose of the subpoenas was to obtain information regarding mitigation of damages.  Even a cursory glance at the subpoenas shows they seek information far broader than damages.  In addition, the parties are currently engaged in merits discovery, not discovery on calculation of damages. See Revised Case Management Plan (Docket No. 25) ("All class discovery and all discovery regarding the merits of the Named Plaintiffs' claims is to be completed by September 30, 2008."). Moreover, Plaintiff's counsel advised Defendant in email correspondence on June 10, 2008 that, as an alternative to subpoenas of current employment records, they would be willing to provide Earning Statements for each of the Class Representatives who had sought employment outside of sanofi-aventis to provide information relating to mitigation of damages. See Exhibit G. On June 11, 2008, Defendant's Counsel rejected this alternative proposal without providing any reasoning for its decision and immediately hand delivered the subpoenas on the same day.  See Exhibit H.  Given this, and given the timing of the subpoenas directly before the depositions of the Plaintiffs scheduled for July, it is clear that Defendant's sole motivation in seeking these records is

to harass and intimidate Plaintiffs.  For these reasons, the Court should quash each of these third-party subpoenas in their entirety.

### III.    LEGAL ARGUMENT

#### A.    The Third-Party Subpoenas Seek Protected, Confidential Information, And Are An Impermissible Invasion of Privacy and Personal Rights

As an initial matter, the Court should quash the subpoenas directed to Takeda Pharmaceuticals, Baxter Healthcare, Boston Scientific, Innovex, Inc., and CV Therapeutics on the ground that such discovery would constitute an unnecessary invasion of privacy and personal rights.  The Federal Rules of Civil Procedure permit this Court to quash a subpoena to protect the person affected by the subpoena from unnecessary or unduly harmful disclosures of confidential information.  Specifically, Rule 45(c)(3)(A) provides that, "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena  if it ... (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or . . . (iv) subjects a person to undue burden."  See Fed.R.Civ.P. 45(c)(3)(A); 1991 Amendment Advisory Notes to Subdivision (c) ("Paragraph (c)(3) explicitly authorizes the quashing of a subpoena as a means of protecting a witness from misuse of the subpoena power.")

Defendant's third-party subpoenas seek disclosure of information in which Plaintiffs Storm, Popa, Zeoli and Beaney each have a protected privacy interest.  It is well-established that employees have a privacy interest in their personnel files and have standing to move to quash such documents. Smartix Intern., L.L.C. v. Garrubbo, Romankow & Capese, P.C., 2007 WL 4166035 at *2 (S.D.N.Y., Nov. 20, 2007) (an employee "clearly has a personal right with respect to the information contained in his

employment records' with *other* companies." (emphasis added)); <u>Chamberlain v. Farmington Sav. Bank</u>, 2007 WL 2786421 at *3 (D. Conn., Sept. 25, 2007) ("The plaintiff clearly has a personal right with respect to the information contained in his employment records.")  <u>Arias-Zeballos v. Tan</u>, 2007 WL 210112, 1 (S.D.N.Y. 2007)("courts have recognized that individuals have certain constitutionally protected privacy rights, including 'the individual interest in avoiding disclosure of personal matters.'"(citation omitted));  <u>Williams v. Board of County Com'rs of Unified Government of Wyandotte County/Kansas City, KS</u>, 2000 WL 133433, 1 (D. Kan. 2000)("The Court recognizes that personnel files and records and are confidential in nature.")

As the court explained in <u>Smartix Intern., L.L.C. v. Garrubbo, Romankow & Capese, P.C.</u>,

> [an employee] clearly has a personal right with respect to the information contained in his employment records' with other companies.  His personnel records with other companies are not 'relevant to the claim or defense of any party.'  Moreover, pursuant to Fed.R.Civ.P. Rule 26(c), . . . justice requires, in order to protect [the employee] from annoyance, embarrassment, and oppression, that discovery not be had into those personnel records.

2007 WL 4166035 at *2.

In this case, the personal rights at stake are equally, if not more, compelling.   As is set forth in greater detail below, Defendant's subpoena requests have no relevance to the merits of this case.  Moreover, to the extent Defendant is prematurely requesting information relating to mitigation of damages during merits discovery, many less intrusive means are available to obtain payroll data and dates of application and employment.  Any interest Defendant might have in serving subpoenas on current

7

employers is thus substantially outweighed by the privacy interests in current employment records and the personal rights of Plaintiffs Storm, Popa, and Zeoli to be free from Defendant's intrusions into their current careers.[2]  Accordingly, and pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), the Court should quash each of these third-party subpoenas.

> **B.     The Third-Party Subpoenas Seek Information that Is Not Relevant to the Merits of This Case.**

The Court should also quash the third-party subpoenas because the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Rule 26(b)(1) of the Federal Rules of Civil Procedure allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claims or defenses."  In order to be discoverable, however, the information sought must appear to be "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R.Civ.P. 26(b)(1).

While Plaintiffs have put their employment records with sanofi-aventis at issue in this case by alleging that Defendant discriminated against them, they have never placed their entire file of employment records with other current or prospective employers at issue.  To the contrary, these employment records are neither relevant nor likely to lead to evidence relevant to any fact at issue in determining the merits of this case.  See Smartix Intern., L.L.C., 2007 WL 4166035 at * 2 ("personnel records with other companies are not "relevant to the claim or defense of any party.") Chamberlain, 2007 WL 2786421 at

---

[2] While there is a confidentiality order in place in this case, it is entirely insufficient to protect the privacy interests of Plaintiffs, particularly where the information requested by Defendant was sent to Plaintiffs' current employers and will likely interfere with the employment relationship between Plaintiffs and their current employers.

*3 ("the plaintiff's performance history is not relevant to the issues involved in the current case; rather, at issue is the plaintiff's performance in his position with the defendant.") Graham v. Casey's General Stores, 206 F.R.D. 251, 255 (S. D. Ind. 2002) ("information sought from the [current employer] to establish an after-acquired evidence defense is irrelevant and not discoverable.  Information concerning [current] employment . . . simply has no bearing on invoking this defense.")

As another court in the Southern District of New York recognized in Zubulake v. UBS Wharburg LLC, introducing evidence of a person's character in another employment setting to prove that her behavior was consistent with that character while working for Defendant, is "inadmissible propensity evidence" under the Federal Rules of Evidence, Rule 404(a).  382 F. Supp. 2d 536, 541 (S.D.N.Y. 2005); See Chamberlain, 2007 WL 2786421 at *3 ("Such evidence is inadmissible under Federal Rule of Evidence 404(a), which provides that " [e] vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith....").

Defendant's subpoena requests are thus absolutely irrelevant to proving the merits of this case.  In light of Defendant's refusal to voluntarily relinquish its requests, the Court's exercise of discretion is necessary to impose restrictions on Defendant's misuse of the discovery process.  As the court persuasively set forth in Perry v. Best Lock Corp.,

> The fact that one can imagine these subpoenas leading to the discovery of admissible evidence is not alone sufficient to justify their enforcement. Under Rule 26(b)(2) of the Federal Rules of Civil Procedure, the court has the power and duty to look more closely at the discovery requests. Rule 26(b)(2) was amended in 1993 to enable courts to "keep tighter rein on the extent of discovery." Advisory Committee Notes, 1993 Amendments to Rule 26. The committee explained:
>
> The information explosion of recent decades has greatly increased both the potential cost of wide-ranging discovery and the potential for discovery to be used as an instrument for delay or oppression. * * * The revisions in Rule 26(b)(2) are

> intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery....*Id.*
>
> If filing what is, by all appearances to the court, a fairly routine case alleging individual employment discrimination opens up the prospect of discovery directed at all previous, current, and prospective employers, there is a serious risk that such discovery can become "an instrument for delay or oppression."

1999 WL 33494858, 2 (S.D. Ind. 1999). The class nature of this case provides an even more compelling reason to suggest that the Plaintiffs' current and prospective employment records are irrelevant. The focal questions in this case relate to a pattern and practice of discrimination at sanofi-aventis, and the representative Plaintiffs' current and prospective employment records are in no way related to the merits of the Named Plaintiffs' claims. The Court must "keep tighter rein on the extent of [Defendant's] discovery" to prevent the Defendant from using the discovery process as an instrument for delay and oppression. Id.

   C.   **To the Extent Defendant's Third Party Subpoenas Seek Information Relating to Mitigation of Damages, Less Intrusive Alternative Means Must Be Employed.**

To the extent Defendant claims that its subpoenas are intended to seek information relating to mitigation of damages, Plaintiffs have provided Defendant with alternative means of obtaining this information and it was patently inappropriate for Defendant to refuse to accept such alternatives given the highly intrusive nature of the subpoenas. In the well-recognized and widely-cited case on this issue, Graham v. Casey's General Stores, when defendant raised the same issue of whether plaintiff "mitigated her damages" and sought subpoenas for employment records to determine the relevant amount of damages, the court granted a motion to quash the defendant's subpoena to obtain information from plaintiff's current employer, holding that the plaintiff's "less-intrusive" proposal to provide defendant with tax records of her income to

establish her mitigation was fully adequate. 206 F.R.D. 251, 255. This "less intrusive" alternative means would avert both the acknowledged burden that a subpoena would impose on her current employer and the embarrassment and harassment of plaintiff before her current employer, which would result if the subpoena was enforced. Id. at 255, 256.

In the case at hand, Plaintiffs have proposed, as an alternative means of calculating damages, to provide Defendant with official earning statements of Plaintiffs Storm, Popa and Zeoli's salaries and earnings at their current employers. Moreover, Plaintiffs Storm, Popa, Zeoli, and Beaney's have already provided through their Interrogatory Responses the dates and information relating to application for employment with companies other than sanofi-aventis -- which is incidentally how Defendant obtained information relating to current and prospective employers and is now wrongfully abusing the discovery process in its subpoena requests of these employers. As in Graham, these alternative, less intrusive means of providing information on mitigation of damages are adequate and provide Defendant with the information it allegedly seeks without subjecting Plaintiffs and their current employers to undue burdens.

Moreover, pursuant to Federal Rule of Civil Procedure 26(b)(2)(C), "the court must limit the . . . extent of discovery" when it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had the opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving issues.

Thus, given that Defendant has undertaken an unnecessarily intrusive and harassing use of subpoena power, the Court must limit Defendant because (1) the information relating to mitigation of damages is unequivocally "obtainable from some other source that is more convenient, less burdensome, or less expensive;" (2) Defendant already "had the opportunity" "to obtain the information sought" through Interrogatories and Plaintiffs' offer to provide Earning Statements; and (3) "the burdens" and intrusions on Plaintiffs' employment relationships with current and prospective employers fundamentally "outweigh" any "likely benefit" of Defendant's subpoenas.    F. R. C. P. 26(b)(2)(C).

**D.    The Third-Party Subpoenas Are Overbroad On Their Face.**

Defendant's alleged purpose of seeking subpoenas to obtain information regarding mitigation of damages is belied by its undeniably overbroad subpoena requests, which are impermissible on their face.   Defendant seeks "any and all documents" concerning the Plaintiffs' employment with current and prospective employers -- a subpoena request that is reprehensibly overbroad given the facts of this case and the undue burden on Plaintiffs and their current employers.  See Badr v. Liberty Mut. Group, Inc., 2007 WL 2904210, *3 (D. Conn. 2007) (holding that defendant's subpoena for "any and all records relating to" the plaintiff was overly broad and noting that such subpoenas are overbroad on their face.); Chamberlain v. Farmington Sav. Bank, 2007 WL 2786421, 3-4 (D. Conn. 2007) (holding that defendant's subpoena request was overbroad and that, despite its alleged purpose of obtaining information regarding credibility, defendant had not justified "a broad search of [plaintiff's] employment records on this ground."); Barrington v. Mortgage IT, Inc., 2007 WL 4370647, 4 (S.D.

Fla.,2007) ( holding that subpoenas were overly broad on their face because they sought "any and all documents, files and records, reflecting or relating to the employment" of plaintiffs); see also Reserve Solutions, Inc. v. Vernaglia, 2006 WL 1788299 (S.D.N.Y. June 26, 2006) (quashing overbroad subpoena and finding that right to use subpoena power was outweighed by intrusions into party's privacy interests); Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44 (S.D.N.Y. 1996) (granting motion to quash subpoena, holding that it was overly broad).

If Defendant in fact sought information relating to mitigation of damages, it would not have embarked on a fishing expedition for "any and all documents" concerning employment.  The fact that Defendant is seeking all employment records suggests that it is (1) intending to obtain character evidence, which is inadmissible under under the Federal Rules of Evidence, Rule 404(a), see infra at III(B); and (2) attempting to unduly burden and interfere with the relationship between Plaintiffs and current or prospective employers.  Such an uncouth and unduly burdensome, overbroad subpoena must be quashed under Rule 45(C)(3)(A).

### E.   The Third-Party Subpoenas Are Designed Solely to Harass and Embarrass Plaintiffs.

It is clear that the third-party subpoenas issued by Defendant are designed solely to harass, intimidate and embarrass Plaintiffs by exposing Plaintiffs to the risk of being treated less favorably by current and prospective employers.  As the court succinctly recognized in Graham v. Casey, the plaintiff "has a legitimate concern that a subpoena sent to her current employer under the guise of a discovery request could be a tool for harassment and result in difficulties for her in her new job."   206 F.R.D. at 256. Recognizing plaintiff's legitimate concern that the third-party subpoena was being used

to harass her and adversely affect her current employment, the <u>Graham</u> court quashed the subpoena requesting information from plaintiff's current employer regarding complaints filed.[3]  <u>Id.</u>

Plaintiffs in this case have already been subjected to harassment by Defendant's premature, unnecessary and improper act of serving subpoenas on their current employers.[4]  As in <u>Graham</u>, Plaintiffs confront a legitimate, logical and very real threat that Defendant's overbroad, intrusive subpoenas "will create difficulties for them in their new jobs," where they are striving to obtain the advancement they were repeatedly denied at sanofi-aventis.  By interfering in their advancement with their new employers, sanofi-aventis is attempting to dissuade Plaintiffs from further pursuing their rights to litigate their claims less than a month before the Plaintiff's scheduled depositions in this case – such a wrongful use of subpoenas threatens the foundations upon which the legal system rests in this country.  The Court must weigh any marginal benefit Defendant will obtain from the subpoenas against the suspiciously overbroad and improper posture of Defendant's subpoena requests, which place an undue burden on Plaintiffs to sacrifice their opportunities for advancement in their current employment in order to seek judicial redress for their claims of discrimination against Defendant.  <u>See</u> F. R. C. P. 26(b)(2)(C).

---

[3] The <u>Graham</u> court placed the burden on defendant "to present independent evidence that provides a reasonable basis" that plaintiff had brought complaints against her current employer.

[4] As is set forth above, the records Defendant seeks to discover have no semblance of relevance to any fact at issue in determining the merits of the case.  Given that, and given that Defendant has rejected Plaintiffs' alternative, less intrusive means of obtaining information relating to mitigation of damages, it is clear that Defendant's only reason for subpoenaing these records is to harass Plaintiffs.

## IV.    CONCLUSION

The production of the current and prospective employment records of Plaintiffs Storm, Popa, Zeoli and Beaney will not shed any light on the merits of the claims in this case, alternative less intrusive means of obtaining information relevant to mitigation of damages are readily accessible, and the subpoenas will only serve to harass these individuals and interfere with their advancement opportunities with current and prospective employers.  Accordingly, this Court should quash the subpoenas to all five third-parties.


Dated:  June 23, 2008                         Respectfully submitted,

                                                            __/s/ David Sanford_____
                                                            David Sanford, D.C. Bar No. 457933
                                                            dsanford@nydclaw.com
                                                            Meenoo Chahbazi, CA Bar No. 233985
                                                            mchahbazi@nydclaw.com
                                                            **SANFORD WITTELS & HEISLER, LLP**
                                                            1666 Connecticut Ave. NW
                                                            Suite 310
                                                            Washington, D.C. 20009
                                                            Telephone: (202) 742-7780
                                                            Facsimile: (202) 742-7776
                                                            dsanford@nydclaw.com

                                                            Steven Wittels, (SLW-8110)
                                                            swittels@nydclaw.com
                                                            Jeremy Heisler, (JH-0145)
                                                            jheisler@nydclaw.com
                                                            **SANFORD WITTELS & HEISLER, LLP**
                                                            950 Third Avenue
                                                            10th Floor
                                                            New York, NY 10022
                                                            Telephone: (646) 456-5695
                                                            Facsimile: (646) 723-2948

Grant Morris, D.C. Bar No. 926253
grantemorris@gmail.com
**LAW OFFICES OF GRANT E.
MORRIS**
1666 Connecticut Ave. NW
Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7783
Facsimile: (202) 742-7776


*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by electronic means on this 23rd day of June, 2008 upon the following counsel of record:

Michael Burkhardt
**Morgan, Lewis & Bockius, LLP**
1701 Market Street
Philadelphia, PA 19103

Thomas Bloom
**Morgan, Lewis & Bockius, LLP**
1701 Market Street
Philadelphia, PA 19103

Michael Banks
**Morgan, Lewis & Bockius, LLP**
1701 Market Street
Philadelphia, PA 19103

Sarah Pontoski
**Morgan, Lewis & Bockius, LLP**
1701 Market Street
Philadelphia, PA 19103

   /s/  David W. Sanford
David W. Sanford