```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————
KAREN BELLIFEMINE, AMY ZEOLI,
MICHELLE POPA, NANCY BEANEY, and
JENNIFER STORM, Individually and on      07 Civ. 2207 (JGK)
Behalf of Others Similarly Situated,
                                         MEMORANDUM OPINION AND
                Plaintiffs,              ORDER

        - against -

SANOFI-AVENTIS U.S. LLC,

                Defendant.
————————————————————————————————
```

**JOHN G. KOELTL, District Judge:**

A hearing was held on August 3, 2010, during which time the Court heard the Plaintiffs' unopposed Motion for Final Approval of the Class Action Settlement in this case. The Court had previously entered an Order of Preliminary Approval appointing Class Counsel, approving notice to the Class, establishing deadlines for objections, setting a date for a final fairness hearing, certifying the Class and preliminarily approving the Settlement Agreement. Having considered the written submissions of the parties and having held a final fairness hearing and having considered the arguments offered at the final fairness hearing, it is hereby ORDERED that the Class is finally certified and the settlement is finally approved as follows:

I.   **CLASS CERTIFICATION**

The proposed Class is defined as:

> All female sales force employees employed by sanofi-aventis in the United States for at least one day between May 12, 2005 to March 23, 2010, excluding individuals who held management level positions higher than district sales manager, excluding individuals who previously entered into individual releases as part of individual agreements with sanofi-aventis up to August 3, 2010, and excluding individuals who opt out of the settlement on a timely basis.

For the reasons set forth below, for purposes of this settlement, the Class may be certified because it satisfies the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

A.   **The Settlement Meets The Rule 23(a) Criteria.**

The Class encompasses 5,262 potential members, too many for joinder of all to be practicable, and thus, Rule 23's numerosity requirement is satisfied. See Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.").

For purposes of this settlement, Named Plaintiffs' allegations also fulfill the typicality requirement because their claims arise from the same factual and legal circumstances as other members of the class. See Lenahan v. Sears, Roebuck & Co., No. 02 Civ. 0045, 2006 U.S. Dist. LEXIS 60307, at *25-26 (D.N.J. July 10, 2006) ("Here, the same allegedly unlawful

2

conduct affected both the named Plaintiffs and the . . . class members . . . . Accordingly, this Court finds that a typicality requirement . . . is also satisfied."). The commonality requirement is met because the Named Plaintiffs' claims involve allegations of common pay and promotion claims arising from the same alleged policies and practices of the company. Finally, the Named Plaintiffs are also adequate representatives under Rule 23(a)(4) because their interests mesh with those of the other members of the Class. <u>Toure v. Cent. Parking Sys.</u>, No. 05 Civ. 5237, 2007 WL 2872455, at *7-8 (S.D.N.Y. Sept. 28, 2007). The Named Plaintiffs also satisfy the adequacy requirement because their attorneys have "an established record of competent and successful prosecution of large . . . class actions." <u>Reyes v. Buddha-Bar NYC</u>, No. 08 Civ. 02494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009).

**B.   <u>The Settlement Meets The Relevant Rule 23(b)(3) Criteria For A Settlement Class.</u>**

To meet the requirements of Rule 23(b)(3) the Court must find that common factual allegations and a common legal theory predominate over any factual or legal variations among class members. <u>See</u> <u>Mohney v. Shelly's Prime Steak</u>, No. 06 Civ. 4270, 2009 WL 5851465, at *4 (S.D.N.Y. Mar. 31, 2009). For purposes of this settlement, the Named Plaintiffs' claims meet that test because they are unified by common factual allegations that

3

sanofi-aventis allegedly disfavored female sales force employees compared to males in terms of compensation and promotion.  When "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, see Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial."  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997); see also Blyden v. Mancusi, 186 F.3d 252, 270 (2d Cir. 1999).  Thus, for purposes of this settlement class, the Named Plaintiffs satisfy the relevant Rule 23(b)(3) criteria.

## II.   **NOTICE WAS APPROPRIATE**

In accordance with the procedures approved in the Preliminary Approval Order, the Class was provided with the Notice regarding the proposed Settlement Agreement and the deadlines and procedures for objecting and opting out of the class.  The Notice and measures taken by the Claims Administrator in mailing the Notices were adequate to inform the members of the Class of the proposed settlement and such actions provided sufficient notice to satisfy the requirements of due process.

## III. **SETTLEMENT APPROVAL**

Having determined that the Class is properly certified for settlement purposes and that Notice was appropriate, the Court must next address the proposed Settlement Agreement.  To approve the settlement, the Court must find the proposed settlement is "fair, reasonable and adequate."  Fed. R. Civ. P. 23(e)(2); In re Luxottica Group S.p.A. Sec. Litig., 233 F.R.D. 306, 310 (E.D.N.Y. 2006); In re Indep. Energy Holdings PLC Sec. Litig., No. 00 Civ. 6689, 2003 WL 22244676, at *3 (S.D.N.Y. Sept. 29, 2003).  The Court of Appeals for the Second Circuit has identified nine substantive factors that courts should consider in deciding whether to approve a proposed settlement of a class action:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974) (internal citations omitted).  All nine factors need not be satisfied.  Instead, the Court looks at the totality of these

5

factors in light of the specific circumstances involved. Thompson v. Metro. Life Ins. Co., 216 F.R.D. 55, 61 (S.D.N.Y. 2003).

## A. The Complexity, Expense, And Likely Duration Of The Litigation Support Approval Of The Settlement.

This Court has recognized that discrimination class actions are notoriously complex and protracted. See Wright v. Stern, 553 F. Supp. 2d 337, 344 (S.D.N.Y. 2008). Specifically, as counsel for the parties have concluded, the probability of further protracted litigation, including appeals, would be a near certainty in the absence of settlement. Additional litigation in this case would likely include: (1) discovery, including the depositions of four of the five Named Plaintiffs, as well as representatives of sanofi-aventis and the review and production of millions of pages of electronic documents; (2) contested class certification proceedings; (3) a potential appeal under Federal Rule of Civil Procedure 23(f); (4) dispositive motions; (5) extensive pretrial filings; (6) a lengthy trial; (7) post-trial proceedings in this District Court; and, (7) further appeal proceedings. Having considered the complexity, expense and likely duration of the litigation, this factor weighs in favor of approving the proposed settlement.

6

**B.   The Reaction Of The Class To The Settlement.**

A favorable reception by the class constitutes "strong evidence" of the fairness of a proposed settlement and supports judicial approval. Grinnell, 495 F.2d at 462; see also Wal-Mart Stores, Inc. v. Visa USA, Inc., 396 F.3d 96, 119 (2d Cir. 2005). A small number of objections is convincing evidence of strong support by class members. See Grinnell, 495 F.2d at 462 ("Any claim by appellants that the settlement offer is grossly and unreasonably inadequate is belied by the fact that . . . [o]nly twenty objectors appeared from the group of 14,156 claimants."). In this case, no objections were filed by absent members of the Class and only 28 class members have requested exclusion. In light of the nationwide notice, and the complete lack of opposition to the settlement, this factor weighs heavily in favor of approving the proposed settlement.

**C.   The Stage Of The Proceedings And The Amount Of Discovery Completed.**

Approval of a settlement is appropriate when Named Plaintiffs obtained sufficient information through discovery to properly evaluate their case and to assess the adequacy of any settlement proposal. See Weinberger v. Kendrick, 698 F.2d 61, 74 (2d Cir. 1982); Chatelain v. Prudential-Bache Sec. Inc., 805 F. Supp. 209, 213-14 (S.D.N.Y. 1992). The parties in this case engaged in extensive discovery prior to the settlement

7

negotiations and mediation.  The parties exchanged extensive and detailed interrogatory responses and millions of pages of relevant documents.  As part of the Defendant's production, sanofi-aventis provided the Named Plaintiffs with millions of rows of employment data over multiple years pertinent to the claims of the Class, including pay and promotion information for all employees who worked in the field sales force for at least one day from January 1, 2005 until March 14, 2008.  The parties continued to engage in on-going document productions and produced additional W-2 payroll data and other supplemental employment data.  Sanofi-aventis also began to depose the Named Plaintiffs beginning with Michelle Popa on January 24, 2009.  There was sufficient discovery to permit a realistic appraisal of the reasonableness of the settlement.

**D.     The Risks Of Establishing Liability And Damages.**

When assessing the risks of litigation against the certainty of recovery offered by the settlement, approval of the settlement is justified because of the complexity and difficulty that would be associated with further litigation.  See Denney v. Jenkens & Gilchrist, 230 F.R.D. 317, 338 (S.D.N.Y. 2005), rev'd on other grounds, 443 F.3d 253 (2d Cir. 2006).  This litigation involved numerous complex issues of fact and law, many of which would have been the subject of expert testimony if the case continued.  Class Counsel believe – after conducting the

discovery described above – that the Plaintiffs had developed sufficient evidence to obtain class certification, survive motions for summary judgment, and prove their claims at trial. However, the Defendant has denied any wrongdoing or liability. If this action proceeded, the Defendant would file motions for summary judgment and would oppose the Plaintiffs' motion for class certification.  In addition, outside of the settlement context, the superiority prong of Rule 23(b)(3) would have required this Court to assess, among other issues, potential challenges in the manageability of the Plaintiffs' proposed class action at trial.  The complexity of the case weighs in favor of approving the proposed settlement.

**E.   Risks Of Maintaining The Class Action Through The Trial.**

There is no assurance of obtaining class certification through trial, because a court can re-evaluate the appropriateness of certification at anytime during the proceedings.  See In re Remeron Direct Purchaser Antitrust Litig., No. 03 Civ. 0085, 2005 WL 3008808, at *8 (D.N.J. Nov. 9, 2005) (noting that "the risks faced by Plaintiffs with regard to class certification weigh in favor of approving the Settlement"); In re NASDAQ Mkt-Makers Antitrust Litig., 187 F.R.D. 465, 476-77 (S.D.N.Y. 1998) (risk of class being decertified at trial or risk of class certification being reversed on appeal supported approval of settlement); Chatelain,

9

805 F. Supp. at 214 ("Even if certified, the class would face the risk of decertification."). Because there is a real risk that class certification may not be granted, or, if granted, it may later be rejected on appeal or decertified, the Court concludes that this factor also weighs in favor of approving the proposed settlement.

**F.   The Reasonableness Of The Settlement In Light Of The Best Possible Recovery And The Attendant Risks Of Litigation.**

"In evaluating the proposed [s]ettlement," the Court determines whether it provides a "substantial recovery" in light of the relevant circumstances and does not "compare the terms of the [s]ettlement with a hypothetical . . . measure of a recovery that might be achieved" through trial. In re Veeco Instruments Inc. Sec. Litig., No. 05 MDL 0165, 2007 WL 4115809, at *11 (S.D.N.Y. Nov. 7, 2007). The Court may approve a settlement when it amounts to a small percentage of the recovery sought by the class. See Grinnell, 495 F.2d at 455 n.2. In this case, the value of the settlement fund justifies settling the case. First, because the Plaintiffs asserted that one of their primary purposes in advancing this litigation was to obtain injunctive relief, there are substantial programmatic relief provisions throughout the settlement including sanofi-aventis engaging in a pay equity analysis for current employees, engaging an industrial psychologist to review and enhance its existing

10

policies and practices on pay and promotions, enhancements to its complaint procedures and job posting practices, and the establishment of an internal compliance panel concerning these changes.  Second, the settlement not only provides for back-pay payments but a claims process for seeking recovery for individual compensatory damages awards and pay adjustments for current employees, which will have permanent on-going economic benefit for years to come.  The value of the settlement is substantial in comparison to the potential harm identified by the Plaintiffs' expert and is well within the acceptable range for a fair and reasonable settlement.  Because this settlement will secure an adequate advancement for the Class and because of the risks noted above associated with the Named Plaintiffs pursuing this case, this factor weighs in favor of approving the proposed settlement.

The Court finds that (1) the complexity, expense and likely duration of the litigation, (2) the reaction of the class to the settlement, (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through the trial, (7) the range of reasonableness of the settlement fund in light of the best possible recovery, and (8) the range of reasonableness of the settlement fund to a possible recovery in light of all the

attendant risks of litigation, all weigh in favor of approval, especially in this case where there have been no objections to settlement. The Court therefore finds the Settlement Agreement to be fair, reasonable and adequate.

## IV. ATTORNEYS FEES AND EXPENSES

The proposed award of attorneys' fees, $4,590,000, was set forth in the Settlement Agreement filed on March 12, 2010, the notices to members of the Class, and the CAFA notices that went to 52 attorneys general. To date, there has been no opposition to that award. See In re Veeco Instruments, 2007 WL 4115808, at *14; Maley v. Del Global Techs. Corp., 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002).

An agreed upon award of attorneys' fees and expenses is proper in a class action settlement, so long as the amount of the fee is reasonable under the circumstances. See Fed. R. Civ. P. 23(h) (providing that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement."). The proposed attorneys' fees and expenses award is reasonable pursuant to the Grinnell factors and the lodestar and percentage of recovery methods.

### A. Plaintiffs' Attorneys' Fees Are Reasonable Under The *Grinnell* Factors.

To decide an appropriate amount of attorneys' fees for class actions, courts have followed the principles articulated by the Court of Appeals for the Second Circuit in <u>City of Detroit v. Grinnell Corp.</u>, 495 F.2d 448, 471 (2d Cir. 1974), and confirmed in <u>Goldberger v. Integrated Research, Inc.</u>, 209 F.3d 43, 47-50 (2d Cir. 2000).  Under this approach, courts do not consider that a "just and adequate fee" can be ascertained by merely multiplying an attorney's hours by the attorney's typical hourly fees.  <u>Grinnell</u>, 495 F.2d at 471.  The courts regard this calculation as "the only legitimate starting point for analysis."  <u>Id.</u>  To this, "other, less objective factors" are applied to reach the ultimate award.  <u>Id.</u>  The foremost of these factors is the attorney's "risk of litigation, i.e., the fact that, despite the most vigorous and competent of efforts, success is never guaranteed."  <u>Id.</u> (internal quotation mark omitted).  Other generally accepted factors as stated in <u>Grinnell</u> are:

1. the standing of counsel at the bar – both counsel receiving the award and opposing counsel,

2. time and labor spent,

3. magnitude and complexity of the litigation,

4. responsibility undertaken,

5. the amount recovered,

> 6. what it would be reasonable for counsel to charge a victorious plaintiff.

Id. at 470.

As set forth above, this is a complicated and difficult class action with numerous risks, and thus, at no time has the Named Plaintiffs' success been guaranteed.  The action was litigated zealously by counsel on both sides.  Class Counsel engaged in significant discovery, complicated statistical analysis, and a complex mediation process, and in doing so, they spent more than 4,000 hours to arrive at this settlement.  In addition, following the approval of this settlement, Class Counsel will continue to be responsible for post-settlement work, including monitoring the settlement and sanofi-aventis' pay equity analysis.  There are substantial programmatic relief provisions throughout the settlement including sanofi-aventis engaging in a pay equity analysis for current employees, engaging an industrial psychologist to review and enhance its existing policies and practices on pay and promotions, enhancements to its complaint procedures and job posting practices, and the establishment of an internal compliance panel concerning these changes.  The settlement also provides for a claims process for seeking recovery for individual compensatory damages awards, and pay adjustments for current employees, which will have permanent on-going economic benefit for years to come.

Class Counsel will remain involved in ensuring compliance with the settlement and facilitating the claims form process. Therefore, class counsel can be expected to incur a significant amount of additional time in connection with this litigation.

**B.    Plaintiffs' Attorneys' Fees Are Reasonable.**

The Court of Appeals for the Second Circuit has approved the use of either the "lodestar" or "percentage" method to calculate attorneys' fees.  See Central States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 504 F.3d 229, 249 (2d Cir. 2007).  The percentage method "calculates the fee award as some percentage of the settlement fund created for the benefit of the class."  Id.  The lodestar method uses a presumptively reasonable fee, which is computed by multiplying the number of hours each attorney has expended by the hourly rate attorneys of similar skill charge in the area; then it applies to that figure a multiplier which factors in the litigation risks and other considerations.  Id.; see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008).

Here, Class Counsel's requested attorney's fees are within the range of reasonableness under either method given the complexity of the case; the risks involved in the litigation, which was "litigated on purely a contingent basis," see Central States, 504 F.3d at 249; the extensive efforts of Counsel; and

15

the favorable result achieved on behalf of the class. The requested fee amounts to less than 20% of the total relief available through the settlement and is within the range of awards typically approved for settlements of similar size. See In re Telik, Inc. Sec. Litig., 576 F. Supp. 2d 570, 587-88 (S.D.N.Y. 2008) (collecting cases). Furthermore, applying a lodestar "cross-check," counsel requests a multiplier of 2.05, which is within a range of reasonableness for other awards that have been approved. See In re AOL Time Warner S'holder Derivative Litig., 02 Civ. 6302, 2010 WL 363113, at *22 (S.D.N.Y. Feb. 1, 2010) (collecting cases); In re Lloyd's Am. Trust Fund Litig., No. 96 Civ. 1262, 2002 WL 31663577, at *27 (S.D.N.Y. Nov. 26, 2002); see also Maley, 186 F. Supp. 2d at 371. Moreover, because class counsel will be required to spend significant additional time on this litigation in connection with implementing and monitoring the settlement, the multiplier will actually be significantly lower. Both the percentage of the fund requested and the multiplier sought in this case are justified under the circumstances.

## C.     **Plaintiffs' Expenses Are Reasonable.**

"It is well-established that counsel who create a common fund . . . are entitled to the reimbursement of [all reasonable] litigation costs and expenses." In re Marsh ERISA Litig., 265 F.R.D. 128, 150 (S.D.N.Y. 2010). In this case, Class Counsel

has incurred expenses through the date of filing their final approval motion of $150,302.51.  These expenses include the costs of filing fees, expert witnesses and consultants, electronic discovery services, photocopies, mailing, and travel. The requested costs are reasonable, and therefore, Class Counsel should be reimbursed for these litigation related expenses.

Overall, the requested attorneys' fees and expenses are within the range of attorneys' fees awards made in comparable cases and is reasonable under both the lodestar and percentage of fund methods of calculation.  Accordingly, the Court awards $4,740,302.51 to Class Counsel, to be paid by sanofi-aventis pursuant to the settlement for their fees and expenses incurred in prosecuting this case and in monitoring and enforcing the Settlement Agreement.

### V.   SERVICE PAYMENTS TO CLASS REPRESENTATIVES

In the Second Circuit, "the Courts have, with some frequency, held that a successful Class action plaintiff, may, in addition to his or her allocable share of the ultimate recovery, apply for and, in the discretion of the Court, receive an additional award, termed an incentive award." <u>Roberts v. Texaco, Inc.</u>, 979 F. Supp. 185, 200 (S.D.N.Y. 1997).  The service payments to the Named Plaintiffs Karen Bellifemine, Amy Zeoli, Michelle Popa, Nancy Beaney, and Jennifer Storm are

17

justified in light of the Named Plaintiffs' willingness to devote their time and energy to this civil rights representative action and reasonable in light of the overall benefit conferred on the Class.  Similarly, the service payments to Amy Johnson, Lucy Velez, Beth Green, and Patrice Sutherland for their assistance in the prosecution of this action are also justified in light of the time and energy that they have devoted to this case, and the benefit conferred on the Class.

The Court approves the requested service payments in the following amounts:

- Karen Bellifemine:  $75,000
- Amy Zeoli:  $75,000
- Michelle Popa: $75,000
- Nancy Beaney:  $75,000
- Jennifer Storm:  $75,000
- Amy Johnson:  $25,000
- Lucy Velez:  $50,000
- Beth Green:  $60,000
- Patrice Sutherland:  $25,000

## VI.   CONCLUSION

Based on the foregoing analysis, the settlement, as evidenced by the parties' agreement, is determined to be fair, reasonable and adequate. The $4,590,000.00 in attorneys' fees

and $150,302.51 in expenses requested by Class Counsel are reasonable, as are the service payment awards to Karen Bellifemine, Amy Zeoli, Michelle Popa, Nancy Beaney, Jennifer Storm, Amy Johnson, Lucy Velez, Beth Green, and Patrice Sutherland.  THE COURT FURTHER FINDS AND ORDERS AS FOLLOWS:

1.  Plaintiffs' Motion for Final Approval of Class Action Settlement and Entry of Final Judgment is GRANTED.

2.  The Civil Action is dismissed with prejudice and without further costs, including but not limited to claims for interest, penalties, costs and attorneys' fees, that Named Plaintiffs and any members of the Class have alleged or may have alleged in connection with this Litigation.

3.  The Clerk is directed to enter Judgment consistent with this Order and is further directed to close this case.  The Clerk is also directed to close all pending motions.

**SO ORDERED.**

Dated:    New York, New York
          August 5, 2010

                                        _____
                                        John G. Koeltl
                                        United States District Judge